IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NERY VIDAL REMIREZ ZAPET,<br><br>    Petitioner,<br><br>v.<br><br>LADEON FRANCIS, *ICE Atlanta Field Office Director*, TODD LYONS, *in his official capacity as Acting Director of Immigration and Customs Enforcement*, KRISTI NOEM, *Secretary of Homeland Security* and PAMELA BONDI, *U.S. Attorney General*,<br><br>    Respondents. | Civil Action No.<br>1:25-cv-07085-VMC |

**ORDER**

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus ("Petition," Doc. 8). The limited task before the Court is to decide whether Petitioner is being unlawfully detained. After careful consideration of the facts and authorities cited by the Parties, the Court concludes that Petitioner's detention is lawful and that to the extent his arrest was unlawful, he cannot use a habeas petition to obtain relief.

**Background**

Petitioner Nery Vidal Ramirez Zapet has resided in the United States, without inspection, since 2015. (*See* Doc. 11 at 1). On December 8, 2025, Petitioner

and other occupants of a vehicle were arrested by an Immigration and Customs Enforcement ("ICE") Official during a traffic stop, after Petitioner told the officers he was in the country illegally. (Docs. 8 ¶ 3; 11 at 2–3). Petitioner was taken into custody in this District, served a Notice to Appear on January 6, 2026, and charged with removability under 28 U.S.C. § 1225. (Docs. 11 at 2–3; 11-3 at 4).[1]

On December 12, 2025, while currently in this District and before being transferred to the Stewart Detention Center, Petitioner filed his Petition and motion for temporary restraining order ("Motion for TRO"). (*See* Docs. 1; 3; 11 at 3). Petitioner then filed an Amended Petition arguing, as he did in his original filing, that his detention is unlawful and based on erroneous statutory interpretation. (*See generally* Docs. 1; 8). He also contends that the Government has unlawfully arrested and detained him in violation of his Fifth Amendment right to due process, the Administrative Procedures Act ("APA"), the Immigration and Nationality Act ("INA"), the relevant bond regulations, 8 U.S.C. § 1226, the *Accardi* doctrine, and acted ultra vires. (*See* Doc. 8 ¶¶ 135–196).

On December 22, 2025, the Court granted the TRO in part (1) requiring Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) or immediate release if one was not provided, and (2) enjoining Respondents from

---

[1] The Parties disagree about the circumstances surrounding Petitioner's arrest. (*See* Docs. 21 at 4–8; 22 at 1–11). However, for the purposes of this Order, the Court will assume that Petitioner's version of the events is correct.

pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 14 at 11). In accordance with this Order, Petitioner was given a bond hearing, denied bond, and detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 16-1).

On January 7, 2025, the Court held a hearing on whether a Preliminary Injunction should be issued. At that hearing, the Parties discussed, among other things, the circumstances surrounding Petitioner's arrest and the disagreement between Petitioner and Respondents regarding the lawfulness of that arrest. Having considered the arguments at that hearing, the Court then granted Petitioner's Preliminary Injunction in part, to the extent it requested injunctive relief and again enjoined Respondents from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 20 at 2). The Court additionally ordered briefing on the sole outstanding issue in Petitioner's Amended Petition: whether Petitioner was unlawfully arrested in violation of 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(b)(2), and the Fourth and Fifth Amendments to the United States Constitution (Count Eleven). (*Id.* at 3). The Court also requested that the Parties address what remedy would be appropriate if the Court granted the Amended Petition. (*Id.*). Respondents filed their response to that Order on January 13, 2026, and Petitioner replied on January 16, 2026.

**Legal Standard**

The Eleventh Circuit has instructed that "[f]ederal courts have jurisdiction to entertain habeas corpus petitions only from persons who are in custody in violation of the Constitution or law or treaties of the United States." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (citation omitted). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)).

**Discussion**

**I.    Petitioner's Habeas Petition is an Exception to 8 U.S.C. § 1252(g)'s Jurisdictional Bar**

As a threshold matter, the Court must first address if it has jurisdiction under 8 U.S.C. § 1252(g). That subsection states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

Here, the Petition is not "founded directly on a decision or action to commence proceedings, adjudicate cases, or execute removal orders." *Grigorian v. Bondi*, No. 25-CV-22914, 2025 WL 1895479, at *4 (S.D. Fla. July 8, 2025); *see also Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006) (finding that the petitioner did not challenge "INS's exercise of discretion. Rather he [brought] a constitutional challenge to his detention and impeding removal."). At this point, Petitioner's only remaining argument is that his current detention resulted from an unlawful arrest in violation of 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(b)(2), and the Fourth and Fifth Amendments to the United States Constitution. Therefore, the Court has jurisdiction over the Petition.

## II. The Petition

### A. Petitioner's Detention is Lawful.

Although the Parties have both agreed that an evidentiary hearing is not necessary to determine the circumstances surrounding Petitioner's arrest, the record is unclear as to whether agents stopped the car Petitioner was in because the target of their investigation was also in that car. Rather than resolving this dispute, the Court will assume, as Petitioner alleges, that the target was not in the car and that the agents did not have probable cause to stop the car. Therefore, the only question before the Court is whether a habeas petition can be used to undo detention that flows from an unlawful arrest.

As an initial matter however, the Court must first determine if Petitioner is being detained unlawfully.

Petitioner argues that he is being unlawfully detained because his unlawful arrest makes his detention "illegal *ab initio*." (Doc. 22 at 15). Petitioner then cites to several cases from other jurisdictions that ordered immediate release as a remedy to illegal detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 15–16). However, the Court, like every other judge in this district, ordered the alternative remedy of a bond hearing and that Petitioner not be detained under 8 U.S.C. § 1225(b)(2)(A). Although that remedy did not lead to Petitioner's release, the Court will not change course and override the Immigration Judge's determination that Petitioner should not be released. As the Court stated previously, Petitioner's bond denial is (1) not a claim raised in the amended petition and (2) the Court does not believe it has jurisdiction to review the bond denial. (*See* Doc. 20 at 3 n.2); *see generally Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.") (citation omitted). Second, Petitioner cites no caselaw to support his argument that an unlawful arrest makes subsequent lawful detainment void *ab initio*. Indeed, even in the case Petitioner relies on where a court granted a preliminary injunction removing certain bond conditions, that injunction made no reference to releasing any detained

6

petitioners. *See Ramirez Ovando v. Noem*, No. 1:25-cv-03183, 2025 WL 3293467, at *23 (D. Colo. Nov. 25, 2025).

Petitioner further argues that he is being unlawfully detained because the only basis for his detention is "evidence obtained through an egregious constitutional violation," and therefore his custody is unlawful. (Doc. 22 at 14). Again, as with Petitioner's first argument, he cites no authority to support this argument that detention stemming from an egregious violation of the Fourth Amendment is unlawful, particularly when Petitioner was lawfully detained following a bond hearing, pursuant to 8 U.S.C. § 1226(a). *See Preiser v. Rodriguez*, 411 U.S. at 484 ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); 8 U.S.C. § 1231(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

### B. Petitioner's Detention Cannot be Suppressed.

Despite his lawful detention, Petitioner argues that he is otherwise entitled to habeas relief because his detention was the fruit of a poisonous tree (an unlawful arrest) and should be suppressed. (*See* Doc. 22 at 11, 14). Therefore, the remedy is

7

immediate release. (*Id.* at 14). However, *I.N.S. v. Lopez-Mendoza* explains that "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest . . . occurred." 468 U.S. 1032, 1039 (1984). Therefore, the Court "cannot provide the remedy Petitioner requests: release from detention." *Valenzuela v. Semaia*, No. 5:25-cv-02853, 2025 WL 3635578, at * 4 (C.D. Cal. Nov. 3, 2025); *see also Munoz-Aguirre v. U.S. Att'y Gen.*, No. 23-11164, 2024 WL 551941, at *3 n.2 (11th Cir. Feb. 12, 2024) ("To the extent that Munoz-Aguirre is arguing that DHS would not have discovered his identity and initiated removal proceedings against him absent the alleged unlawful traffic stop . . . such an argument is foreclosed by . . . *Lopez-Mendoza*.").

Although the holding in *Lopez-Mendoza* prevents the requested relief Petitioner seeks, Petitioner argues that he falls within the limited exception recognized in dicta in that case. Specifically, Petitioner argues that because Respondents conducted a stop "based on apparent ethnicity without any individualized suspicion," this conduct falls "squarely into the egregious violation exception." (Doc. 22 at 13).

In *Lopez-Mendoza*, the Court seemed to suggest that an exception to its holding could be found where there is evidence of an "egregious violation of [the] Fourth Amendment or other liberties that might transgress notions of

8

fundamental fairness and undermine the probative value of the evidence obtained." 468 U.S. at 1050–51. However, even if Petitioner suffered from an egregious violation of his Fourth Amendment rights, Petitioner has cited to no case law that supports his argument that a habeas petition can be used to undo his lawful detention. In other words, although Petitioner argues that "this Court's broad authority compels his immediate release" (*See* Doc. 22 at 14), the Court is not convinced that it can use its authority to set aside Petitioner's otherwise lawful detention through habeas relief. *See United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."); *Fisher v. Warden*, No. 3:24-CV-498, 2024 WL 3690900, at *1 (N.D. Ind. Aug. 6, 2024) ("[T]he lawfulness of [the petitioner's] arrest is distinct from the issue of whether his continued detention is lawful."); *H.N. v. Warden, Stewart Detention Ctr.*, No. 7:21-CV-59, 2021 WL 4203232, at *5 (M.D. Ga. Sept. 15, 2021), *report and recommendation adopted*, No. 7:21-CV-59, (M.D. Ga. Oct. 18, 2021) ("Moreover, even if the Court accepted Petitioner's argument that his initial detention was somehow unlawful, he is still not entitled to habeas relief."); *Nyang v. Barr*, 4:19-cv-01459, 2020 WL 9396482, at *1 (N.D. Ala. Feb. 4, 2020) (rejecting habeas claim based on alleged illegal detainer, stating that "the legitimacy of Petitioner's initial arrest is not properly brought in this habeas action"); *Williams v. Sec'y, Dep't of Corr.*, No. 5:17-cv-309, 2019 WL 2717202, at *4

9

(M.D. Fla. June 28, 2019) ("[A] Fourth Amendment violation during arrest does not by itself warrant habeas relief.").

As Respondents correctly point out, if Petitioner wishes to challenge the detention that flowed from his unlawful arrest, he must do so by arguing before the immigration judge that his removal proceedings "should be terminated because his initial arrest was" unlawful. (Doc. 21 at 13). *See Munoz-Aguirre*, 2024 WL 551941, at *2 (Petitioner first moved before the immigration judge by filing a motion to terminate his removal proceedings and a motion to suppress evidence of his alienage that was allegedly obtained in violation of the Fourth Amendment); *see also Perez Cruz v. Barr*, 926 F.3d 1128, 1135 (9th Cir. 2019) (Petitioner first moved before the immigration judge to either terminate the removal proceedings or suppress the evidence against him that was obtained in violation of the Fourth and Fifth Amendments.)

Accordingly, the Amended Petition for Writ of Habeas Corpus (Doc. 8) is **DENIED**.

**SO ORDERED** this 23rd day of January, 2026.

_____
Victoria Marie Calvert
United States District Judge